## MITTNACHT v. KELLY.

### June, 1867.

A chattel mortgage upon the merchandise and stock in trade of the mortgagor, expressed to include "the increase and decrease thereof," is wholly void.

Property embraced in the mortgage, although not a part of the stock in trade which was the subject of the increase and decrease spoken of, is not protected by the mortgage, and may be levied on under a judgment against the mortgagor.

George M. Mittnacht sued John Kelly, sheriff of New York, in the court of common pleas of the city of New York, for levying upon a horse, wagon and harness which the plaintiff claimed under a chattel mortgage which had been executed to him by the execution debtor.

The mortgage was given on August 12, 1859, and the execution was issued on September 27, 1859. Joseph Zorn, the mortgagor, carried on a family grocery store in Third-street, in the city of New York. By the terms of the mortgage and schedule, he mortgaged, in addition to the property in controversy, "the whole stock of trade in goods, wares and merchandise, the whole concern, forming my grocery and liquor store, known as No. 93 Third-street, in the city of New York, *with the increase and decrease thereof,*" &c., and until default in the payment of the money secured, the mortgagor was "to remain and continue in the quiet and peaceable possession of the goods and chattels, and the full and free enjoyment of the same."

Upon the trial the court dismissed the complaint upon the ground that the mortgage was void upon its face, as against the execution creditor, and judgment was entered for the defendant.

*John Fowler, Jr.,* attorney for plaintiff, appellant;—Cited Thompson *v.* Blanchard, 4 *N. Y.* (4 *Comst.*) 303; Levy *v.* Welsh, 2 *Edw. Ch.* 438; 17 *N. Y.* 580; Gardner *v.* McEwen, 19 *Id.* 123; Stewart *v.* Slater, 6 *Duer,* 83, 96; Mattison *v.* Baucus, 1 *N. Y.* (1 *Comst.*) 295.

*A. J. Vanderpoel,* for defendant, respondent ;—Cited Edgell *v.* Hart, 9 *N. Y.* (5 *Seld.*) 217–219 ; Ely *v.* Carnley, 19 *Id.* 496.

BY THE COURT.—J. M. PARKER, J.—The only question brought by the appeal to this court is, whether the mortgage is void upon its face.

The mortgaging the whole stock in trade—the whole concern forming the grocery and liquor store of the mortgagor— *with the increase and decrease thereof,* and the providing for the continued possession of the mortgagor, can have no other meaning than that the mortgagee should all the time retain a lien on the whole stock, by way of mortgage, the mortgagor making purchases from time to time and selling off in the ordinary manner, the intent being not to create an absolute lien upon any property, but a fluctuating one, which should open to release that which should be sold, and take in what should be newly purchased. This is such an arrangement as was held in Edgell *v.* Hart, 9 *N. Y.* 213, to render the mortgage void. The case cannot be distinguished from that, and the law as pronounced in that case must be held applicable to this.

True, in this case, the horse, wagon and harness in question did not constitute part of the stock in trade, which was the subject of the "increase and decrease" spoken of, yet if, as to the stock in trade, the mortgage was fraudulent as against creditors, that fraud infected the whole mortgage, and it is wholly void. Goodrich *v.* Downs, 6 *Hill,* 438; Mackie *v.* Carnes, 5 *Cow.* 547, 580 ; Grover *v.* Wakeman, 11 *Wend.* 187, 225.

I am of the opinion, therefore, that the judgment appealed from should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.